UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN MORGAN** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 12-1111** |
| **OCHSNER CLINIC FOUNDATION** | **SECTION: "G"(2)** |

## ORDER AND REASONS

On March 18, 2012, the Court denied Defendant Ochsner Clinic Foundation's ("Ochsner") Motion for Summary Judgment,[1] wherein Ochsner requested that summary judgment be entered against Plaintiff Kevin Morgan ("Plaintiff") on his claim of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). It has come to this Court's attention that precedent from the United States Court of Appeals for the Fifth Circuit was not cited regarding the standard applicable to Plaintiff's burden to plead a *prima facie* case of race discrimination. Accordingly, the Court will amend its Order and Reasons[2] dated March 18, 2012, pursuant to Federal Rule of Civil Procedure 60(a), which permits this Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" on its own, prior to receiving a motion.

## I.  Background

The Court's prior Order and Reasons detailed the factual and procedural background of this case, and are incorporated by reference herein. To summarize briefly, Plaintiff is an African-American man who was employed by Ochsner as a Patient Care Technician ("PCT") in 2010. Ochsner terminated Plaintiff's employment on November 3, 2010, after he allegedly behaved

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 35.

aggressively toward co-workers on two separate instances. The first incident, which resulted in Plaintiff's suspension without pay for one day, occurred on August 24, 2010, while Plaintiff was working in the Oncology department.[3] According to the corrective action form completed as a result of the incident, Plaintiff failed to perform a procedure, because he was asked to sit with another patient, and Plaintiff and a nurse were subsequently witnessed yelling at each other in close physical proximity to one another.[4] Although Plaintiff was only suspended for one day, he did not work any subsequent shifts in the Oncology department after this incident.

On September 13, 2010, Plaintiff began working in the Skilled Nursing Facility ("SNF") for Jane Braendel. However, Plaintiff worked the night shift, and was under the supervision of Jolene Cole, a nurse, and Cindy Peterson, a charge nurse.[5] On November 3, 2010, a final incident occurred that resulted in Plaintiff's termination, according to the corrective action form detailing the events surrounding the termination.[6] According to Plaintiff, he was cleaning a patient, when Ms. Cole came into the room to change a catheter. Plaintiff claims that the nurse became angry when Plaintiff asked her to wait until he was finished, and this exchange allegedly led to a confrontation between Plaintiff and Ms. Cole, although the specific details of the incident are disputed. Later that day, Ms. Braendel terminated Plaintiff, after taking statements from Ms. Cole, Ms. Peterson, and Tiffany Alexander, another PTC who was present.[7] According to Plaintiff, three other people at the nurses' station witnessed the incident resulting in Plaintiff's termination–Zena Ruffin, Karen Holmes, and

---

[3] Rec. Doc. 20-4 at p. 35.

[4] Rec. Doc. 30-2.

[5] Rec. Doc. 30 at p. 3.

[6] Rec. Doc. 20-4 at p. 38.

[7] Rec. Doc. 20-3 at p. 7.

2

Mary Ann Burke-Lavaccari–but statements were not obtained from these individuals prior to Plaintiff's termination.[8]

## II. Law and Analysis

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), when the pleadings and evidence demonstrate that no genuine dispute exists as to any material fact, and if the moving party is entitled to judgment as a matter of law, summary judgment should be granted.[9] If the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party, the dispute is "genuine."[10] In determining if a dispute exists such that a jury could return a verdict in favor of the nonmoving party, the court is not to "make credibility determinations or weigh the evidence."[11] Instead, the court must view the evidence in the light most favorable to the nonmoving party.[12]

### B. Applicable Law

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating based on

---

[8] Rec. Doc. 30 at p. 5.

[9] Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *See also Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc) ("If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion[] is proper.").

[11] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55. *See also Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008) (stating that the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence").

[12] *Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 679 (5th Cir. 2011).

sex, race, color, religion, and national origin in employment decisions, including firing.[13] In *McDonnell Douglas Corporation v. Green*, the Supreme Court set out a three-part burden shifting scheme for employment discrimination claims.[14] As explained in the Court's prior Order and Reasons,[15] the plaintiff must first allege a *prima facie* case of employment discrimination. Then, if the defendant can articulate a non-discriminatory reason for the action taken, the plaintiff must then demonstrate that the reason articulated by the defendant is a mere pretext for the alleged discrimination.[16] In the motion for summary judgment, Defendant claims that Plaintiff has not even established a *prima facie* case for race discrimination, because he cannot point to sufficient evidence to establish such a claim.

With respect to the pending motion, the parties do not dispute the substantive standard to apply, but have only cited different authority.[17] As articulated by the Fifth Circuit in *Bryan v. McKinsey & Co.*,[18] a plaintiff must establish the following elements of a *prima facie* case for race discrimination:

> [The plaintiff] (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or in the case of disparate treatment, shows that other similarly situated employees were treated more favorably.[19]

Specifically, Defendant disputes that Plaintiff has come forward with evidence to establish the fourth

---

[13] 42 U.S.C. § 2000(e) *et seq.*, as amended.

[14] 411 U.S. 792 (1973).

[15] Rec. Doc. 35.

[16] *See McDonnell Douglas Corp.*, 411 U.S. at 802; Rec. Doc. 35.

[17] Rec. Doc. 20-3 at pp. 13 (Defendant citing *Frank v. Xerox Corp.*, 347 F.3d 130 (5th Cir. 2003) and *Bryan v. McKinsey & Co.*, 375 F.3d 358 (5th Cir. 2004)); Rec. Doc. 30 at p. 12 (Plaintiff citing 42 U.S.C. § 2000(e)).

[18] 375 F.3d 358.

[19] *Id.* at 360. *See also Frank*, 347 F.3d at 137.

4

element of a *prima facie* case of race discrimination: that other similarly situated employees were treated more favorably than Plaintiff. Considering the cases cited by Defendant, and acknowledging the standard outlined by the Fifth Circuit, the Court finds that in considering Defendant's motion for

summary judgment, Plaintiff has put forth enough evidence to establish a *prima facie* case of race discrimination.

Plaintiff's testimony and the allegations set forth in the verified complaint support Plaintiff's claim that he was treated less favorably than other PTCs, namely Chris Majoria and Peter Haar.[20] Plaintiff supports these allegations with the depositions of his former co-workers on the night shift, Zina Ruffin, Karen Holmes LPN, and Telina Slade.[21]

Ochsner contends that the Court should not rely on the affidavit of Ms. Slade, because it is not based on "specific examples of discriminatory behavior by Ms. Cole or Ms. Peterson."[22] Specifically, in her affidavit, Ms. Slade stated: "From what I observed of the manner in which I saw Cole and Peterson treat Morgan, I have concluded that Morgan's race, African-American, was a significant reason that he was treated less favorably than Chris, who did the same job and had the same job title."

The Court finds the affidavit of Ms. Slade, along with the other evidence in the form of depositions from Ms. Holmes and Ms. Ruffin, offered in support of Plaintiff's contention that he was treated less favorably than his counterparts as sufficient to defeat Defendant's motion for summary

---

[20] Rec. Doc. 1 ¶ 8; Rec. Doc. 30 at p. 30.

[21] Rec. Doc. 30 at pp. 3-6, 12.

[22] Rec. Doc. 33 at p. 6.

judgment. Therefore, even if this Court were to disregard the affidavit of Ms. Slade, the additional evidence contained in Ms. Holmes and Ms. Ruffin's depositions could, once all of the evidence is weighed and credibility determinations are made, establish that Plaintiff was treated less favorably than other similarly situated employees.

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Reasons issued on March 18, 2013, be modified in conformity with this Order regarding the standard required to establish a *prima facie* case of race discrimination, but the remainder of the Court's opinion and its decision to deny the Motion for Summary Judgment[23] shall remain unaltered.

**NEW ORLEANS, LOUISIANA**, this  22nd  day of March, 2013.

                                    **NANNETTE JOLIVETTE BROWN**
                                    **UNITED STATES DISTRICT JUDGE**

---

[23] Rec. Doc. 20.